UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| DARA FRESHLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-cv-01015 |
| | ) |
| YALE REALTY SERVICES CORP. | ) |
| d/b/a YALE SMYRNA LLC; | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Yale Realty Services Corp. d/b/a Yale Smyrna LLC's ("Yale") Motion to Dismiss Punitive Damages. (Doc. 50). Dara Freshley ("Freshley") has responded in opposition (Doc. No. 53), and Yale has filed a reply brief (Doc. No. 54), making the motion ripe for adjudication. For the reasons discussed below, the Court will **GRANT** Yale's motion. (Doc. No. 50).

I. BACKGROUND[1]

The following facts are gleaned from the Amended Complaint. (Doc. No. 43-1). Freshley seeks damages for multiple injuries sustained in the Target parking lot. After arriving at Target, she walked around her vehicle towards the store. She stepped into a depression in the asphalt that caused her to lose her balance and injure her right shoulder, left pinky, ribs, and right knee. (Doc. No. 43-1). She believes that Yale, who contracted with Target to manage and control the parking lot, failed to maintain the parking lot in a manner that would make it safe to walk. Specifically,

---

[1] The Court relies on the relevant factual allegations from the Amended Complaint (Doc. No. 43-1) and assumes they are true for purposes of ruling on the instant motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

she alleges that the harm to her was foreseeable; that Yale was on actual or constructive notice of the depressions; that the failure to establish any routine inspection or maintenance was the direct and proximate cause of her injuries; and that Yale failed to warn her of the dangers posed by their lack of maintenance. (Doc. No. 43-1). As a result of her injuries, Freshley seeks damages for pain and suffering, loss of capacity to earn income, loss of enjoyment of life, and ongoing medical condition expenses. (Doc. No. 43-1). She also demands punitive or exemplary damages. (Doc. No. 43-1 at 6-8).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) requires that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to the Plaintiff. Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555-61 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim is facially plausible when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." Mik v. Federal Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) (quoting Iqbal, 556 U.S. at 678). Furthermore, to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim. Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

2

### III.     ANALYSIS

In Tennessee, punitive damages may be awarded when the Defendant has acted (1) intentionally, (2) fraudulently, (3) maliciously, or (4) recklessly. Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992). The Tennessee Supreme Court defined these terms as follows:

> A person acts intentionally when it is the person's conscious objective or desire to engage in the conduct or cause the result. A person acts fraudulently when (1) the person intentionally misrepresents an existing, material fact or produces a false impression, in order to mislead another or to obtain an undue advantage, and (2) another is injured because of reasonable reliance upon that representation. A person acts maliciously when the person is motivated by ill will, hatred, or personal spite. A person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

Id. Freshley asserts that punitive damages are appropriate here because: (1) Yale acted intentionally in failing to make repairs and (2) Yale was reckless by consciously disregarding the risk of injury. Specifically, Freshley argues that Yale received a recommendation to repair the parking lot surface where she sustained her injuries but failed to make any repairs. The fatal problem is that there is nothing in the Amended Complaint that supports or even permits a reasonable inference supporting her arguments. As Yale points out, there is nothing in the Amended Complaint mentioning parking repairs.

While it is true that when a court is presented with a Rule 12(b)(6) motion, it "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein", here there are no attachments to the Amended Complaint. Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)). Freshley references the deposition of Robert Depaw, an alleged decision-maker at Yale, who says that he never

3

recommended repairs to fix a crack in the pavement, the Amended Complaint makes no mention of Depaw nor to any references whatsoever about pavement repairs. (Doc. No. 43-1). Here, Freshley only avers that "the Defendant knew of the need for repairs two months before her fall and made a conscious decision to do nothing." (Doc. 43-1). Without more, Freshley invites the Court to speculate about who made the decision, when the decision was made, and the basis for the decision. The Court declines the invitation to speculate.

The Amended Complaint then concludes that Yale's conduct was "intentional in performing the wrongful act of failing to make repairs and was reckless in that defendant was aware but consciously disregarded a substantial and unjustifiable risk of injury to Ms. Freshley." (Doc. No. 43-1 at 8). But again, the Amended Complaint fails to support a plausible inference that Yale had a conscious objective or desire to engage in the conduct that caused her injury, thus failing to plausibly plea intentionality. Neither does the Amended Complaint aver any facts that Yale consciously disregarded a substantial and unjustifiable risk or that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. As a result, the Amended Complaint fails to allege any facts that would allow the Court to draw a reasonable inference that Yale acted either intentionally, fraudulently, maliciously, or recklessly as required to establish punitive damages.

## IV. CONCLUSION

For the reasons set forth above, Defendant Yale Smyrna LLC's Motion to Dismiss (Doc. No. 50) will be **GRANTED**, and Freshley's punitive damages claim shall be **DISMISSED WITHOUT PREJUDICE**.

The Court Clerk shall close this case.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE