UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARA FRESHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:20-cv-01015 |
| | ) | |
| YALE REALTY SERVICES CORP., | ) | |
| d/b/a YALE SMYRNA, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Yale Realty Services Corp's ("Yale") Motion for Summary Judgment (Doc. No. 69) is ripe for decision. (Doc. Nos. 80 and 85). The motion will be denied because a jury must decide what caused Freshley to fall.[1]

This is a premises liability lawsuit arising from Dara Freshley's fall at a Target parking lot owned by Yale. After Freshley fell, she took three photographs of the pavement in the area where she fell. (Doc. No. 81 at 3 ¶ 8). Abbey Smith, a Target employee, also took three photographs of the same area that day. (Id. at 4 ¶¶ 11–13). Based upon those six pictures, the parties ask the Court to determine whether Freshley's negligence and negligence per se claims should proceed to trial.

In Tennessee, a negligence claim requires proof of: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause." Downs ex rel. Downs v. Bush, 263 S.W.3d 812, 819 (Tenn. 2008) (quoting West v.

---

[1] The facts are drawn from the undisputed portions of Dara Freshley's Response to Defendant Yale Realty Services Corp. d/b/a Yale Smyrna LLC's Statement of Undisputed Material Facts. (Doc. No. 81). Because Yale did not respond to Freshley's Additional Statement of Material Facts as required by LR 56.01(d), those additional facts are deemed undisputed pursuant to LR 56.01(f).

E. Tennessee Pioneer Oil Co., 172 S.W.3d 545, 550 (Tenn. 2005)). The negligence per se doctrine does not create a new cause of action, it is a form of ordinary negligence. The effect is to render the conduct negligent as a matter of law. To succeed on a negligence per se claim a plaintiff must prove: (1) that the defendant violated a statute, ordinance, or regulation that requires or prohibits a particular act for the benefit of the plaintiff or the general public; (2) that the injured person was within the class of individuals the legislature intended to benefit and protect by enacting the statute, ordinance, or regulation; and (3) that the defendant's negligence was the proximate cause of the injury. Harden v. Danek Med., Inc., 985 S.W.2d 449, 452 (Tenn. Ct. App. 1998); Smith v. Owen, 841 S.W.2d 828, 831 (Tenn. Ct. App. 1992). The threshold questions essential to every negligence per se case are "whether the plaintiff belongs to the class of persons the statute was designed to protect and whether the plaintiff's injury is of the type that the statute was designed to prevent." Rains v. Bend of the River, 124 S.W.3d 580, 591 (Tenn. Ct. App. 2003). The statute must establish a specific applicable standard of conduct. Thomas & Assocs., Inc. v. Metro. Gov't of Nashville and Davidson Cty., No. M2001–00757–COA–R3–CV, 2003 WL 21302974, at *7 (Tenn. Ct. App. June 6, 2003).

The defendant's "[l]iability in premises liability cases stems from superior knowledge of the condition of the premises." Blair v. W. Town Mall, 130 S.W. 3d 761, 764 (Tenn. 2004) (quoting McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn. 1980)). So the plaintiff "must prove either that 'the condition was caused or created by the owner, operator, or his agent,' or 'if the condition was created by someone [else], that the owner or operator had actual or constructive notice that the condition existed prior to the accident.'" Parker v. Holiday Hosp. Franchising, Inc., 446 S.W.3d 341, 350 (Tenn. 2014) (quoting Blair, 130 S.W.3d at 764).

2

Case 3:20-cv-01015   Document 90   Filed 10/11/23   Page 2 of 7 PageID #: 773

"Whether the defendant's negligence actually caused the particular injury complained of is generally a question of fact to be determined by the factfinder." McMurry v. Metro. Gov't of Nashville, 2003 WL 535918, at *8 (Tenn. Ct. App. Feb. 26, 2003). Thus, "[i]t is well settled that it is the rare negligence case that can be resolved by summary judgment." Reidinger v. Trans World Airlines, Inc., 463 F.2d 1017, 1021 (6th Cir. 1972) (citing Aetna Insurance Co. v. Cooper Wells & Co., 234 F.2d 342, 344 (6th Cir. 1956)); see Daughenbaugh v. Bethlehem Steel Corp., 891 F.2d 1199, 1205 (6th Cir. 1989) ("[I]ssues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner."). This is not such a case.

Yale argues that it owed no duty of care to Freshley because the depression that she tripped on was a "minor aberration." (Doc. Nos. 69 at 2; 69-16 at 6–13). Indeed, Tennessee law provides that injuries caused by "trivial holes or depressions" cannot serve as a basis for recovery in negligence actions. Riddell v. Great Atl. & Pac. Tea Co., 241 S.W.2d 406, 407–08 (Tenn. 1951) (finding no duty owed to plaintiff when she fell after stepping in a "trivial" depression in a parking lot that was three to six inches deep and approximately five feet square). The evidence before the Court consists of six blurry photographs taken on the date of Freshley's fall and at the alleged location of Freshley's fall. (Doc. No. 69-17 at 1–6). What the photographs show or do not show is a fact question for the jury, not this Court. See Byrd v. Hall, 847 S.W.2d 208, 211 (Tenn. 1993) ("The court is not to 'weigh' the evidence when evaluating a motion for summary judgment."). At trial, the parties will need to persuade the jury that the photographs show what the parties believe they show. Yale may be correct that they show a slight or minor aberration insufficient to create a duty to Freshley. Or, Freshley may persuade them otherwise.

3

Even if the photographs were pristine, Yale's summary judgment motion would still be problematic. Whether something is or is not a "minor" or "trivial" depression requires factual measurements, absent in the record before the Court. See, e.g., Riddell, 241 S.W.2d at 407–08; City of Memphis v. McCrady, 174 Tenn. 162, 124 S.W.2d 248, 249–50 (Tenn. 1938) (finding no duty imposed for a "concrete sidewalk that extended two and a half inches above the adjacent block."); Shaw v. Metro. Gov't of Nashville & Davidson Cnty., 596 S.W.3d 726, 736 (Tenn. Ct. App. 2019) (no liability arising from a "fifty-four foot crack that amounted to a deviation of up to one and a half inches.");[2] Batts v. City of Nashville, 22 Tenn. App. 418, 123 S.W.2d 1099, 1101 (Tenn. Ct. App. 1938) (finding no duty for a sidewalk depression no more than 3 inches deep); c.f. Nee v. Big Creek Partners, 106 S.W.3d 650, 654 (Tenn. Ct. App. 2002) ("A finding that . . . steps were defective or dangerous based [solely] on . . . photographs would require . . . speculation, conjecture, and guesswork."). Yale presents no facts concerning the dimensions of the depression that allegedly caused Freshley's fall. (Doc. No. 69-1). Without any specific measurements or basic dimensional information, the Court cannot begin the legal analysis to categorize the depression as "minor" or "trivial."

To assist the parties in their trial preparation and settlement discussions, the Court observes that Freshley's negligence per se theories may be insufficient to make Yale liable. Freshley relies on Yale's alleged violations of the Americans with Disabilities Act ("ADA") and the 2010 ADA Accessibility Guidelines ("ADAAG") to prove negligence per se. (Doc. No. 43-1 ¶ 6(a)–(b)).

---

[2] Freshley's assertion that Shaw is incompatible with Coln v. City of Savannah is incomplete. The deviation in Coln did not involve a slight hole or minor depression, but rather a deviation between brick pavers and a sidewalk of several inches that the court deemed dangerous. 966 S.W.2d 34, 37–38 (Tenn. 1998). This does not diminish Tennessee's longstanding rule that "recovery will not be allowed because of the existence of trivial holes or depressions." Riddell, 241 S.W.2d at 408.

4

Even assuming that Freshley is disabled,[3] the ADA's stated purpose is to eliminate discrimination against individuals with disabilities, including making premises more accessible. 42 U.S.C. § 12101; see PGA Tour, Inc. v. Martin, 532 U.S. 661, 674 (2001) ("Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals."). The ADAAG was created to implement "requirements for accessibility to sites, facilities, buildings, and elements by individuals with disabilities. . . .[T]o the extent required . . . under the Americans with Disabilities Act (ADA) of 1990." 36 C.F.R. § 1191, App. B., ¶ 101.1 (emphasis added). Freshley has not shown that the ADA or ADAAG were created to establish general safety measures. Neither is there support that Freshley's injuries are of the type the ADA or ADAAG were designed to prevent.

The Court has found no cases supporting a negligence per se claim under Tennessee law when premised on a violation of the ADA or ADAAG. In fact, in premises liability cases applying similar state laws, courts have dismissed negligence per se claims based on violations of the ADA and ADAAG. See Samuels v. Safeway, Inc., 391 F. Supp. 3d 1, 3–6 (D.D.C. 2019) (the ADA could not serve as a basis for negligence per se because plaintiff's injuries from tripping over a concrete wheel stop in a parking garage were not of the sort the ADA was designed to protect); White v. NCL Am., Inc., No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) ("While protection from injury for the disabled is no doubt a fortunate by-product of the ADA, it is clear that the statute was not designed with that purpose in mind and therefore the Court declines to impose a per se duty . . . ."); Lewis v. B & R Corp., 56 S.W.3d 432, 440 (Ky. Ct. App. 2001)

---

[3] It is undisputed that Dr. Ronald Gelles opined that Freshley "Is legally blind or a disabled person with a permanent disability (ties) that limits or impairs his/her ability to walk 200 feet without stopping to rest." (Doc. No. 81 at 12 ¶ 2). That may satisfy the ADA's definition of a person with disabilities. See 42 U.S.C. § 12102.

(affirming summary judgment and denying a negligence per se claim premised on violations of the ADAAG where a decedent accidently reversed her vehicle from a parking lot into the river and plaintiff could not show "that the ADA Guidelines were intended to prevent the type of occurrence that resulted in [the decedent]'s death . . . ."); see also Chandler v. Arizona Partners Retail Inv. Group LLC, 329 F. App'x 724, 725 (9th Cir, 2009) (affirming dismissal of plaintiff's negligence per se claim under California law because the ADA "was not designed to protect against" plaintiff's slip and fall injury). Because the ADA and ADAAG were not designed to prevent Freshley's alleged injury, they cannot serve as bases for negligence per se under Tennessee law.

Freshley also relies on the City of Smyrna municipal code's incorporation of the 2018 International Property Maintenance Code ("IPMC") that requires "sidewalks, walkways, driveways, parking spaces and similar areas to be kept in a proper state of repair and maintained free from recognized hazardous conditions." (Doc. No. 43-1 ¶ 6(e)). Absent from the 2018 IPMC is a specific standard of care. "Under Tennessee law, only statutes that establish a standard of care may support a claim of negligence per se." Atria v. Vanderbilt Univ., 142 F. App'x 246, 253 (6th Cir. 2005) (citing Rains, 124 S.W.3d at 590). At best the 2018 IPMC appears to offer general guidance in non-specific terms. See Shaw, 596 S.W.3d at 735.

Finally, Freshley also supports her negligence per se theory on alleged violations of the American Society for Testing and Materials ("ASTM") F 1637-2013 and American National Standards Institute ("ANSI") 1264.2-2006 standards. Both the ASTM and ANSI are private organizations that administer voluntary standards, and neither organization has legislative or regulatory power. See ASTM, https://www.astm.org/about/overview/detailed-overview.html (last visited Oct. 11, 2023) ("ASTM . . . is a globally recognized leader in the development and delivery of voluntary consensus standards."); ANSI, https://www.ansi.org/about/introduction (last visited

6

Oct. 11, 2023) ("The American National Standards Institute (ANSI) is a private, non-profit organization that administers and coordinates the U.S. voluntary standards and conformity assessment system."); see also Diebold, Inc. v. Marshall, 585 F.2d 1327, 1335 (6th Cir. 1978) ("[A]s the product of a private organization, ANSI guidelines are dependent for their observance on the voluntary compliance of the affected employers."). Freshley references no statute, ordinance, or regulation that requires Yale to comply with either standard, and the record provides no other evidence that Yale was required to follow ASTM F 1637-2013 or ANSI 1264.2-2006. See Harden, 985 S.W.2d at 452 ("In order to recover under the theory of negligence per se . . . the defendant must have violated a statute or ordinance that imposes a duty or prohibition . . . ." (emphasis added)).

Freshley's negligence claim will proceed to trial on December 5, 2023 at 9:00 a.m.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE